PER CURIAM.
| petitioner, Larry Jefferson was removed from judicial office by this Court on January 19, 2000. In Re: Jefferson, 99-1313(La.1/19/00) 753 So.2d 181. Petitioner now seeks reinstatement of his eligibility to seek judicial office pursuant to the provisions set forth in Louisiana Supreme Court Rule XXIII, § 26, which governs *1104 the procedure for reinstatement when a former judge has been removed from judicial office. This is the first instance in which this Court has considered this issue of reinstatement of eligibility to seek judicial office pursuant to Louisiana Supreme Court Rule XXIII, § 26, which provides:
Any former judge who has been removed from office by the Supreme Court pursuant to LA. Const. Art. V, Sec 25(C) is not eligible to become a candidate for judicial office until certified by this Court. After five-years from the date of removal, a former judge may file a petitioner for reinstatement of eligibility to seek judicial office with the Judiciary Commission. The Commission shall promptly review the petition and may hold a hearing and take evidence if necessary. Within thirty days of the filing of the petition, the Commission shall file a written recommendation with this Court as to whether the former judge’s eligibility to seek judicial office should be reinstated. The Court shall review the recommendation of the Commission and issue an order granting or denying the former judge certification of eligibility to seek judicial office.
| ¡^Petitioner represented herein that more than five years has elapsed since the effective date of his removal from office, that he has continually held a license to practice law since October 1980 and is a member in good standing of the Louisiana State Bar Association. Petitioner maintains that he has not been sanctioned or disciplined since the circumstances arising out of his removal, but for a public reprimand. This Court’s judgment in Jefferson I, 99-1318 casts petitioner with cost in the amount of $4,333.00. Petitioner failed to promptly pay the costs, and in June 2000, the Commission asked that he be held in contempt for failure to comply with the court’s order. On September 11, 2000, petitioner paid the costs in full. By order dated September 29, 2000, this Court referred the Commission’s request to the Office of Disciplinary Counsel for appropriate action. Petitioner subsequently consented to be publicly reprimanded by the disciplinary board for his failure to promptly pay the assessed costs.
Petitioner, his counsel, Monroe Attorney Charles Kincade, and Special Counsel Steven Scheckman were all present at the July 15, 2005 hearing before the Judiciary Commission. At the hearing, Mr. Jefferson offered the testimony of three witnesses, an affidavit from an additional witness, and his own testimony in support of his eligibility to seek judicial office. Petitioner represented that he has been actively engaged in community service and educational interests during the time he was removed from judicial office, and that no impediment exists to his eligibility to seek judicial office other than as set forth in Louisiana Supreme Court Rule XXIII, § 26.
On July 29, 2005, the Commission issued its recommendation to this Court. The recommendation stated in relevant part as follows:
After considering argument of counsel, the testimony offered at the July 15, 2005 hearing, and the exhibits | introduced into evidence, solely in light of Section 26 of La. Sup.Ct. Rule XXIII, a majority of the Judiciary Commission concluded that since five years have elapsed since his removal and because Mr. Larry Jefferson is presently in good standing with the Louisiana Bar Association, he remains a citizen of Louisiana, and there is no apparent physical or other personal impediment, he should be deemed eligible to stand for judicial office, allowing the voters to determine the effect, if any, of Mr. Jefferson’s prior record of judicial misconduct.
Based on this recommendation from the Commission and our review of the record, *1105 we determine that petitioner is certified as eligible to seek judicial office.
IT IS THEREFORE ORDERED that Petitioner, Larry D. Jefferson, be declared eligible to seek judicial office.